IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Verdell Evans, Jr., ) | |
| ) | Civil Action No.6:12-cv-641-JMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Legislative Affairs Division, *ATF*, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, proceeding *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is before the Court upon two motions: (a) Plaintiff's Motion to Compel (Dkt. No. 3), and (b) Defendant's Motion for Summary Judgment (Dkt. No. 21).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about March 1, 2012. (See Dkt. No. 1.) At the same time Plaintiff filed his Complaint, he filed a Motion to Compel. (Dkt. No. 3.) Defendant filed a Motion for Summary Judgment on July 19, 2012. (Dkt. No. 21.) By order filed July 20, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on or about August 24, 2012. (Dkt. No. 24.)

**PROCEDURAL FACTS**

Plaintiff, who is currently housed at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"), brings the instant action pursuant to the Freedom of Information Act.

Plaintiff alleges that he was arrested in Greenville, South Carolina, on August 29, 2002, "by officer Adam Bruzzese, who at the time was wearing a New York City Police badge." (Compl. at 4 of 19.) According to Plaintiff, during his interrogation, "it was alleged by members of the Greenville P.D., that 'Adam Bruzzese was an ATF agent assisting the G.P.D. in a joint-task-force operation to execute Plaintiff's arrest.'" (Id.) Plaintiff states that at his federal arraignment and preliminary hearing, it was "alleged that 'NYPD officer Adam Bruzzese was an ATF agent who observed the Plaintiff discard a clear plastic bag.'" (Id.) Plaintiff alleges he was indicted and ultimately convicted on a federal drug charge "based on the testimony of 'Adam Bruzzese.'" (Id.)

Plaintiff states in his Complaint that he filed his initial FOIA request to the Bureau of Alcohol, Tobacco, and Firearms Division ("ATF") in April of 2009, and received the denial of his request in August of 2009. (Compl. at 7 of 19.) Plaintiff appealed to the Office of Information Policy ("OIP"), and in April of 2010 received OIP's response "advising Plaintiff that his appeal had been remanded for further proceeding of the responsive records." (Id. at 7-8.) Plaintiff states he received an "immediate" response from ATF "defiantly mocking the decision for remand by the office of OIP by refusing to comply with the release of any and all releasable [sic] records." (Id. at 8.)

Plaintiff alleges he filed two more FOIA requests, dated October 28, 2010, and May 17, 2011. (Id. at 9.) Plaintiff states that when he received no response, he notified ATF of his intent to file a lawsuit, and thereafter received a response from ATF on August 24, 2011, referencing the Plaintiff's past FOIA requests that had been previously denied. (Id.) In the instant lawsuit, Plaintiff states that he "seeks to obtain the following documents under permanent public records":

> A) Production of written authorization for the joint task force operation regarding Adam Bruzzese's assistance with the Greenville Police Department as an ATF agent.

    B) Production of Adam Bruzzese's immediate reporting supervisor with the GPD and the ATF.

    C) Production of Adam Bruzzese's written report describing his account of the August 29, 2002, arrest of the Plaintiff (Verdell Evans).

    D) Production of Adam Bruzzese's Grand Jury testimony.

    E) Production of any and all written notices as to why Adam Bruzzese was not present during Plaintiff's Preliminary Hearing and his Probable Cause Hearing when the Indictment was handed down.

(Compl. at 6 of 19.) Plaintiff also appears to seek some "additional evidence and explanation for withholding information responsive to [Plaintiff's] FOIA request." (Id. at 15.)

At the same time Plaintiff filed his Complaint, he filed a Motion to Compel. (Dkt. No. 3.) Plaintiff states in his motion,

> Plaintiff . . . respectfully moves this Court to compel Motion for Disclosure of Employment Verification, Release of Vaughn Index, 5 U.S.C. § 552, et seq., pursuant to Freedom of Information Act, 5 U.S.C. § 552a (g)(1)(A) and (C) on the grounds that this Court has subject matter jurisdiction and Plaintiff has stated an adverse claim against the Defendant Agency in violation of his rights pursuant to 5 U.S.C. § 552(a)(4)(B).

(Dkt. No. 3.)[1]

---

[1] A "*Vaughn* index is a list which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule on whether it falls within an exemption provided by the FOIA. It is called a *Vaughn* index by reason of the decision in which the use of the index was first discussed." Ethyl Corp. v. U.S. Environmental Protection Agency, 25 F.3d 1241, 1244 n.1 (4th Cir. 1994) (citing Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)). Although there is "no set formula for a Vaughn index . . . the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." Hinton v. Dep't of Justice, 844 F.2d 126, 129 (3d Cir. 1988). Because the undersigned concludes that a *Vaughn* index is unnecessary in the instant case, the undersigned recommends denying Plaintiff's Motion to Compel. (Dkt. No. 3.)

3

**APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

Defendant seeks summary judgment in the instant case on the ground that the information requested is not subject to release. (See Dkt. No. 21 at 1.) Specifically, Defendant contends that the information requested is exempt from disclosure. (Dkt. No. 21 at 11.)

The Freedom of Information Act "vests jurisdiction in the federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Congress enacted FOIA to permit a 'policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to the functioning of a democratic society.'" Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004) (quoting FBI

4

v. Abramson, 456 U.S. 615, 621 (1982)). However, "[i]n enacting the statute, Congress also recognized that 'legitimate governmental and private interests could be harmed by release of certain types of information.'" Id. (quoting Abramson, 456 U.S. at 621). In recognition of those legitimate governmental and private interests, Congress created nine exemptions to FOIA; these nine exemptions must be narrowly construed. See 5 U.S.C. § 552(b); Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976). Federal courts have jurisdiction to enjoin an agency from withholding documents, but only "upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger, 445 U.S. at 150.

"The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 n.3 (1989); see also 5 U.S.C. § 552(a)(4)(B). The agency may meet its burden through "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir.1994) (footnote omitted). The declarations submitted by the agency in support of its determination are accorded substantial weight, 5 U.S.C. § 552(a)(4)(B), and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents,'" SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C.Cir.1981)).

Defendant argues the records requested in the case *sub judice* are exempt from disclosure pursuant to Exemption (b)(6). See 5 U.S.C. § 552(b)(6).[2] Congress has provided

---

[2] Defendant also contends the requested information is exempted from disclosure pursuant to Exemption (b)(7)(C). (See Chisholm Decl. ¶ 3.) Exemption (b)(7)(C) provides that FOIA does not apply to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information .

5

that FOIA does not apply to matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. Courts have utilized a balancing test in evaluating Exemption (b)(6), in which the public interest in disclosure is weighed against an individual's interest in privacy. U.S. Dep't of State v. Ray, 502 U.S. 164, 175 (1991); Rose, 425 U.S. at 373. In applying the balancing test, the only relevant public interest to be considered is whether the disclosure will contribute "significantly to public understanding of the operations or activities of the government." See U.S. Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 495 (1994).

As noted above, Defendant seeks summary judgment on the ground that the information requested by Plaintiff falls under Exemption (b)(6). (See generally Dkt. No. 21.)[3] Defendant attached the Declaration of Peter J. Chisholm, Acting Chief of ATF's Disclosure Division, to its Motion for Summary Judgment. (Dkt. No. 21-1.) Chisholm states that on April 21, 2009, the Disclosure Division received a request from Plaintiff "requesting employment related information about an individual named Mr. Adam Bruzzesse. Specifically, [Plaintiff] sought verification that Mr. Bruzzesse was employed as an ATF Special Agent for the time period August 29, 2002 through April 22, 2003." (Chisholm Decl. ¶ 4.) The Disclosure

---

. . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

[3]As noted in note 2, supra, Defendant also contends Exemption (b)(7)(C) is applicable.
> Although both exemptions require courts to balance individual privacy and public interests, Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6 in that Exemption 6 requires that the invasion of privacy be "clearly unwarranted," a requirement omitted from the language of Exemption 7(C). Thus, although both exemptions require the court to engage in a similar balancing analysis, they differ in the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions.

Casa De Maryland, Inc. v. U.S. Department of Homeland Sec., 409 Fed.Appx. 697, 700 (4th Cir. 2011) (internal quotation marks and citations omitted).

Division denied Plaintiff's request pursuant to FOIA Exemptions (b)(7)(A) and (b)(7)(C). (Id. ¶ 5.) Plaintiff appealed that denial. (Id. ¶ 6.)

By letter dated March 29, 2010, OIP informed Plaintiff that the administrative appeal "had been remanded to ATF for further processing because ATF had invoked exception (b)(7)(A) at the time of his original request, and that exemption . . . was no longer applicable." (Chisholm Decl. ¶ 8.) Chisholm states, however, that "[t]he remand to ATF from OIP for further processing of [Plaintiff's] FOIA request and based on the inapplicability of exemption (b)(7)(A) did not affect the original determination by the Disclosure Division . . . that the information sought by [Plaintiff] was still subject to exemption (b)(7)(C)." (Chisholm Decl. at 3 n.3.)

While the appeal related to the 2009 FOIA request was pending, Plaintiff submitted another FOIA request (this one dated March 15, 2010), wherein he "again requested employment verification of an individual named Adam Bruzzesse as an ATF Special Agent." (Chisholm Decl. ¶ 7.) Chisholm explains that the Disclosure Division sent Plaintiff two responses pertaining to his March 15, 2010 request:

> 10. By letter dated April 8, 2010, the Disclosure Division responded to Mr. Evans' March 15, 2010 FOIA request and explained that ATF could neither confirm nor deny whether the person named in his request was an ATF employee. Mr. Evans was provided with instructions on how to file an administrative appeal and to reference number 10-749. . . .
>
> 11. Similarly, by letter dated April 28, 2010, the Disclosure Division again responded to Mr. Evans' same March 15, 2010 FOIA request advising him that based on the information provided a search of our records failed to locate any information relating to him. Further, the letter stated that ATF does not identify the names of its employees and his request for information on a person he identified as an ATF Special Agent was denied pursuant to 5 U.S.C. § 552(b)(7)(C). Mr. Evans was provided with instructions on how to file an administrative appeal and to reference number 10-740. . . .

7

(Chisholm Decl. ¶¶ 10-11.) Although Plaintiff appealed Request No. 10-749, OIP closed the appeal in a letter dated September 14, 2010, on the grounds that the appeal was untimely. (Id. ¶ 13.)

Chisholm states that the Disclosure Division received "yet another" FOIA request from Plaintiff; this one, which was dated July 28, 2011, "included prior requests dated May 17, 2011 and October 28, 2010." (Id. ¶ 14.) In a letter dated August 24, 2011, the Disclosure Division "referred [Plaintiff] to [the Disclosure Division's] denial letter dated April 8, 2010 and the corresponding appeal action by OIP, dated September 14, 2010, which had closed his administrative appeal." (Id. ¶ 15; see id. ¶ 10.)

Chisholm states that, "[p]ursuant to Exemption (b)(7)(C) the Disclosure Division withheld . . . [t]he names of Federal and state law enforcement agents as well as information by which those individuals could be identified." (Chisholm Decl. ¶ 19.) According to Chisholm,

> 20. In his complaint, [Plaintiff] requested the production of employment related information on an individual named Adam Bruzzesse, specifically his employment status as an ATF Special Agent for the time period August 29, 2002 through April 22, 2003, as well as the identity of an unnamed ATF supervisory employee. The employment information and verification is sought in connection with Mr. Evans' arrest and subsequent conviction in 2003 on a federal drug charge(s).
>
> . . .
>
> 22. ATF asserted Exemption (b) (7) (C) to protect the identities of ATF Special Agent(s) and other law enforcement personnel, such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF Special Agents and other law enforcement personnel that appear in law enforcement records are protected since disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.
>
> 23. In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest. Mr. Evans claims that his arrest and conviction

> on a federal drug charge was based on the trial testimony of Adam Bruzzesse whom he alleges is guilty of misconduct. ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be (further) disclosed. Additionally, revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties. Furthermore, unsubstantiated allegations of official misconduct are simply insufficient to establish a public interest in disclosure. On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release.
>
> 24. Such a release would be "clearly unwarranted" as required by 5 U.S.C. § 552(b)(6). Since this is the higher of the two standards of invasion of privacy, the release of this information would also be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C). The fact that Mr. Evans may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals. Contrary to statements made by Mr. Evans[] in his complaint, persons mentioned in law enforcement records do not lose all their rights to privacy merely because their names have been disclosed. Consequently, ATF did not conduct a name search for Adam Bruzzesse.

(Chisholm Decl. ¶¶ 20-24.) The ATF's Disclosure Division did, however, execute "an independent and thorough search for any records related to" Plaintiff. (Id. ¶ 25.) In a footnote, Chisholm stated,

> Additionally, Mr. Evans requested the following information relative to his arrest and criminal trial: a copy of (Adam Brussesse's) grand jury testimony, written arrest report, court notifications of hearing dates and information on the Greenville Task Force. No information about Verdell Evans was located by ATF after a search of TECS. See paragraph 27. This information, if it exists, would likely reside with the prosecuting AUSA.

(Chisholm Decl. at 6 n.8.)

As noted above, Plaintiff seeks the following in the instant action:

A) Production of written authorization for the joint task force operation regarding Adam Bruzzese's assistance with the Greenville Police Department as an ATF agent.

9

> B) Production of Adam Bruzzese's immediate reporting supervisor with the GPD and the ATF.
>
> C) Production of Adam Bruzzese's written report describing his account of the August 29, 2002, arrest of the Plaintiff (Verdell Evans).
>
> D) Production of Adam Bruzzese's Grand Jury testimony.
>
> E) Production of any and all written notices as to why Adam Bruzzese was not present during Plaintiff's Preliminary Hearing and his Probable Cause Hearing when the Indictment was handed down.

(Compl. at 6 of 19.)

To the extent Plaintiff requests the identity of ATF agents or employees in the instant FOIA action, the undersigned recommends concluding those records are exempt from disclosure pursuant to Exemption (b)(7)(C). See Nix v. United States, 572 F.2d 998, 1005-06 (4th Cir. 1978) (identity of FBI agents exempt from disclosure pursuant to § 552(b)(7)(C)). In addressing a plaintiff's FOIA claim against the FBI, the Fourth Circuit stated,

> On the understanding that much of the information the FBI wishes to withhold in this case under Exemption 7(C) consists of names and identifying information of FBI agents, other government employees, third-party suspects, and third parties mentioned or interviewed in the course of an investigation, the public interest in most, if not all, of the information would appear to be negligible. Correspondingly, there being no compelling allegation of agency corruption or illegality, there would appear to be no reason on the record before us to assume that these names and identifying information bear in any way upon the agency's performance of its statutory duties or contribute significantly to public understanding of the operations or activities of the government.

Neely v. Fed. Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000) (internal quotation marks and citations omitted). The Fourth Circuit has recognized that certain governmental employees, such as FBI agents, "have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment." Neely, 208 F.3d at 464-65; see also

Nix, 572 F.2d at 1005-06. Such substantial interest also applies to ATF agents. (See Chisholm Decl. ¶¶ 22-23.) See Lewis-Bey v. U.S. Dep't of Justice, 595 F. Supp. 2d 120, 134-35 (D.D.C. 2009). And there appears to be little, if any, FOIA-cognizable public interest in the identity of the at-issue ATF employees. See Neely, 208 F.3d at 464 ("That [the plaintiff] seeks this information to establish indirectly his own innocence does not alter the fact that there would appear to be no FOIA-cognizable public interest in such information. The innocence of a particular defendant in a particular case tells us nothing about matters of substantive law enforcement policy that are properly the subject of public concern."). Plaintiff's conclusory allegation of misconduct does not change this analysis, nor does the fact that one of the agents testified at Plaintiff's trial. See Lewis-Bey, 595 F. Supp. 2d at 135 ("Individuals involved in law enforcement investigations, even if they are not the subject of the investigation, have a substantial interest in seeing that their participation remains secret. Such privacy interests are no less significant where the individual has testified at trial." (internal quotation marks and citations omitted); see also Jones v. Fed. Bureau of Investigation, 41 F.3d 238, 247 (6th Cir. 1994) (concluding that law enforcement employee who chooses or is required to testify does not waive personal privacy). Weighing the public's interest in disclosure against the individuals' interest in privacy, disclosure is not appropriate. The undersigned therefore recommends granting Defendant's Motion for Summary Judgment to the extent Plaintiff seeks disclosure of the identity of ATF agents and personnel.

For the reasons described above, the undersigned concludes that production of (A) and (B) should not be required, as they are exempt from disclosure. (See Compl. at 6 of 19.) Defendant says very little about (C), (D), and (E) in its memorandum, but in a footnote of his Declaration, Mr. Chisholm stated,

11

> Additionally, Mr. Evans requested the following information relative to his arrest and criminal trial: a copy of (Adam Brussesse's) grand jury testimony, written arrest report, court notifications of hearing dates and information on the Greenville Task Force. No information about Verdell Evans was located by ATF after a search of TECS. See paragraph 27. This information, if it exists, would likely reside with the prosecuting AUSA.

(Chisholm Decl. at 6 n.8.) The reference to "paragraph 27" appears to be a typographical error, as there is no paragraph 27 in Mr. Chisholm's Declaration. (See Dkt. No. 21-1.) However, Chisholm states that ATF has no documents responsive to (C), (D), or (E).

The Court would not order ATF to produce what it does not have. For the requested materials to qualify as "agency records" pursuant to FOIA, two requirements must be met: (1) "an agency must either create or obtain the requested materials," and (2) the agency "must be in control of the requested materials at the time the FOIA request is made." U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989). Even assuming that any records requested in (C), (D), and (E) were "created or obtained" by ATF, the ATF presented evidence that it does not control these records. (See Chisholm Decl. at 6 n.8.) See Burka v. U.S. Dep't of Health & Human Servs., 87 F.3d 508, 515 (D.C. Cir. 1996); see also Ethyl Corp. 25 F.3d at 1247 ("An agency presented with a request for records under FOIA is required to produce only agency records, which are those that are either created or obtained by the agency and are subject to the control of the agency at the time the FOIA request is made."). As such, Defendant's motion should be granted with respect to these records.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendant's Motion for Summary Judgment (Dkt. No. 21) be GRANTED. It is further RECOMMENDED that Plaintiff's Motion to Compel (Dkt. No. 3) be DENIED.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

January 25, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).