# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Verdell Evans, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 6:12-cv-00641-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Legislative Affairs Division, ATF, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is now before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 29] regarding two motions: 1) a Motion to Compel [Dkt. No. 3], filed by Plaintiff Verdell Evans, Jr., ("Plaintiff"); and 2) a Motion for Summary Judgment [Dkt. No. 21] filed by Defendant, the Legislative Affairs Division of the Bureau of Alcohol, Tobacco and Firearms ("Defendant"). Plaintiff, a prisoner currently housed at the Federal Correctional Institute in Estill, South Carolina, and proceeding *pro se*, filed a Freedom of Information Act ("FOIA") request pursuant to 5 U.S.C. § 552 seeking various documents related to one Adam Bruzzese, an agent employed by the Bureau of Alcohol, Tobacco and Firearms ("ATF"), who was involved in Plaintiff's arrest.

Plaintiff's Complaint [Dkt. No. 1] arises from Defendant's decision to deny the requested production. In his Complaint, Plaintiff states that he seeks to obtain the following information:

   A. Production of written authorization for the joint task force operation regarding Adam Bruzzese's assistance with the Greenville Police Department ("GPD") as an ATF agent.
   B. Production of Adam Bruzzese's immediate reporting supervisor with the GPD and the ATF.
   C. Production of Adam Bruzzese's written report describing his account of the August 29, 2002, arrest of the Plaintiff (Verdell Evans).
   D. Production of Adam Bruzzese's Grand Jury testimony.
   E. Production of any and all written notices as to why Adam Bruzzese was not

1

>present during Plaintiff's Preliminary Hearing and his Probable Cause Hearing when the Indictment was handed down.

Complaint [Dkt. No. 1, at 6].

On the same day he filed his Complaint [Dkt. No. 1], Plaintiff also filed a Motion to Compel [Dkt. No. 3] seeking verification of Bruzzese's employment with the ATF and the release of a Vaughn Index[1] pursuant to his FOIA request. Plaintiff seeks this information in an effort to illuminate his theory that Agent Bruzzese engaged in criminal misconduct by planting drugs on Plaintiff in an effort to force Plaintiff's cooperation in a separate police investigation. Plaintiff's Freedom of Information Act Request. [Dkt. No. 1-3, at 7].

Defendant filed a Motion for Summary Judgment [Dkt. No. 21] seeking dismissal on the ground that the information requested is exempt from disclosure. The Magistrate Judge subsequently issued a Report and Recommendation. [Dkt. No. 29]. The Magistrate Judge recommends that items A and B are exempt from disclosure pursuant to 5 U.S.C § 552 (b)(7)(C)[2] ("Exemption 7(C)") because they request the identity of ATF agents. The Magistrate Judge also determined that Defendant presented sufficient evidence that it had no responsive documents related to items C, D, and E. As a result, the Magistrate Judge recommends that this court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion to Compel. The Report

---

[1] "The *Vaughn* index is a list which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA." *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1244 (4th Cir. 1994)

[2] Under FOIA, an agency must disclose agency records to any person under § 552(a) unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b). Section 552(b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S. C. § 636 (b)(1).

Plaintiff filed timely Objections to the Magistrate Judge's Report and Recommendation. [Dkt. No. 49].  Plaintiff's objections primarily reassert the arguments made in his Complaint [Dkt. No. 1].  However, Plaintiff now states that he wishes to withdraw the production requests made in items A, B, D and E as enumerated in his Complaint and recited herein.  He further states that he now "only seeks confirmation from the Defendant agency, ATF, that Adam Bruzzese was employed as an ATF agent" when he gave sworn testimony at Plaintiff's criminal trial on April 23, 2003.[3]  Objections to Report and Recommendation [Dkt. No. 31, at 2].  Given this specific request, it is unclear whether Plaintiff still seeks production of Bruzzese's written report regarding Plaintiff's arrest as described in Item C, which Plaintiff has not explicitly withdrawn.

---

[3] In that testimony, Bruzzese stated that he was a Special Agent with ATF and had been employed by ATF for three years.  Plaintiff states that confirmation of Bruzzese's employment status by Defendant will be instrumental in making his case of misconduct, though it is unclear how this particular piece of information will assist Plaintiff.

3

The Magistrate Judge recommends denying any of Plaintiff's requests that seek the identity of ATF agents or employees. The Magistrate Judge cites case law from this circuit standing for the proposition that the identity of federal law enforcement officers is generally exempt from disclosure under § 552(b)(7)(C) absent a "compelling allegation of agency corruption or illegality." *Neely v. F.B.I.*, 208 F.3d 461, 464-65 (4th Cir. 2000) (recognizing that "FBI agents, government employees" and other parties involved in an investigation "have well-recognized and substantial privacy interests . . . in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment."); *see also Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978) ("Public identification of any of [the FBI Agents who investigated Plaintiff's claims] could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives").

Furthermore, "[t]he disclosure of the names of individuals mentioned in law enforcement files serves a significant public interest only where 'there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity,' and where the requested information 'is necessary in order to confirm or refute that evidence.'" *Lewis-Bey v. U.S. Dept. of Justice*, 595 F. Supp. 2d 120, 136 (D.D.C. 2009) (quoting *Davis v. United States Dep't of Justice,* 968 F.2d 1276, 1282 (D.C. Cir. 1992)).  Bald allegations and unsubstantiated claims of misconduct do not constitute compelling evidence for the purposes of Exemption 7(C).  *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).  Instead, the requester must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred" in order to obtain disclosure of information protected by Exemption 7(C).  *Id.*

In this case, Plaintiff claims that the information requested will help him shed light on the alleged misconduct of Agent Bruzzese. He further contends that such information is important not only for his case but because the public has an interest in knowing whether public servants carry out their duties in an efficient and law-abiding manner.

Plaintiff presents no actual or circumstantial evidence of misconduct; he presents only conclusory assertions that Agent Bruzzese framed him for drug possession. Furthermore, Plaintiff does not explain how confirmation that Adam Bruzzese worked for ATF at the time of the arrest will "confirm or refute" evidence of the alleged misconduct. *See Lewis-Bey*, 595 F. Supp. 2d at 136. For these reasons, the court finds that Plaintiff cannot demonstrate that he is entitled to the employment verification sought on the grounds that such information is in the public's interest.

Additionally, Plaintiff contends that the information he is now seeking is not exempt from production because it is already in the public domain.[4] Under the public-domain doctrine, "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). Plaintiff contends that Defendant has waived its right to assert Exemption 7(C) because Bruzzese testified at Plaintiff's criminal trial that he was "a special agent with the Bureau of Alcohol, Tobacco and Firearms" and that he had been employed with ATF "for almost three years."

The case law does not support Plaintiff's argument. Courts have held that even if the identities of agents and witnesses have become known during a trial, an agency's decision to withhold names and other identifying information under Exemption 7(C) is justified. *See Sellers*

---

[4] Plaintiff made this argument in his original complaint, but the Magistrate Judge did not specifically address it.

*v. U.S. Dept. of Justice*, 684 F. Supp. 2d 149, 159-60 (D.D.C. 2010) (finding the FBI's decision to withhold the identities of FBI Special Agents who testified at a defendant's criminal trial was justified); *Jones v. Fed. Bureau of Investigation,* 41 F.3d 238, 247 (6th Cir. 1994) (concluding that a law enforcement employee who chooses or is required to testify does not waive personal privacy); *see also Lardner v. U.S. Dep't of Justice,* 2005 WL 758267, at *19 (D.D.C. Mar. 31, 2005) (concluding that the name of a witness who testified at a public trial was properly withheld under Exemption 7(C)).  Furthermore, the cases cited by Plaintiff in support of his public domain argument do not address the application of the doctrine to the identities of law enforcement personnel.  *See Davis*, 968 F.2d at 1276 (assessing FBI tape recordings made during criminal investigation); *Cottone*, 193 F.3d at 550 (assessing FBI wiretaps).  Therefore, the court finds that Plaintiff is not entitled to information verifying Bruzzese's employment with ATF.

Since the court determines that Plaintiff is not entitled to the employment verification information requested, his objection that Defendant did not conduct an adequate search because it did not search for "Adam Bruzzese" in its system is moot.  Additionally, having found that Defendant is not required to produce the information requested, there is no reason to compel the release of the Vaughn Index.

Finally, to the extent Plaintiff still seeks the information described in Item C – production of Bruzzese's written report describing his account of Plaintiff's arrest – the court agrees with the Magistrate Judge that Defendant produced sufficient evidence to show that it was not in control of these records, if it ever had such records.  Defendant claims that a search of its records produced no information about Verdell Evans, and further asserted that information related to his arrest and criminal trial would likely reside with the prosecuting assistant United States Attorney.

## CONCLUSION

Upon a careful consideration of the record before the court, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. It is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Dkt. No. 21] is **GRANTED** and Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice. Plaintiff's Motion to Compel [Dkt. No. 3] is also **DISMISSED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

February 26, 2013
Greenville, South Carolina