**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Verdell Evans, Jr., ) | |
| ) | Civil Action No. 6:12-cv-00641-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Legislative Affairs Division, ATF, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before the court is Verdell Evans, Jr.'s ("Plaintiff") Motion for Reconsideration ("Motion") [Dkt. No. 36]. Plaintiff, proceeding *pro se*, asks the court to reconsider its Order [Dkt. No. 33] accepting the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 29], which granted summary judgment for Defendant and dismissed Plaintiff's Complaint [Dkt. No. 1] and Motion to Compel [Dkt. No. 3].

**PROCEDURAL AND FACTUAL BACKGROUND**

This matter arises out of Plaintiff's Complaint against the Legislative Affairs Division of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("Defendant") and Plaintiff's Motion to Compel. Plaintiff's *pro se* Complaint arose as a result of Defendant's repeated denials of Plaintiff's Freedom of Information Act ("FOIA") requests [Dkt. No. 1]. The Complaint and Motion to Compel both requested the production of information under FOIA regarding Agent Adam Bruzzese's employment with the ATF around the time of Plaintiff's arrest. On July 19, 2012, Defendants filed a Motion for Summary Judgment regarding Plaintiff's Complaint [Dkt. No. 21], to which Plaintiff filed his Response in Opposition [Dkt. No. 24].

The Magistrate Judge's Report, filed on January 25, 2013, recommended granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion to Compel. Plaintiff

1

timely filed his Objections to the Report [Dkt. No. 31] on February 11, 2013. In its Order [Dkt. No. 33], filed on February 26, 2013, the court accepted the Report, granting summary judgment for Defendant and consequently finding Plaintiff's Motion to Compel was moot.

Plaintiff filed the instant Motion for Reconsideration [Dkt. No. 36] on March 18, 2013, claiming that the court "overlooked or misapprehended the rule of law and statutory provisions" of FOIA regarding his request for confirmation of Bruzzese's employment from August 2002 to April 2003. Plaintiff claims that the purpose of exempting such information, which is to "avoid harassment, annoyance, or embarrassment," does not apply in this case because he only seeks confirmation or denial of statements made during Plaintiff's trial by Bruzzese regarding his employment. Alternatively, Plaintiff claims that the public interest exception applies because it is in "the interest of the general public that our public servants [carry] out their duties in an efficient and law-abiding manner." Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration [Dkt. No. 38] on April 4, 2013, claiming that Plaintiff did not satisfy the Rule 60(b) standard because his underlying claim was not meritorious and that bald allegations were not sufficient.

**STANDARD OF REVIEW**

Generally, reconsideration of a judgment is considered to be an extraordinary remedy that should be used sparingly. *Mayfield v. National Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 376 (4th Cir. 2012). Rule 60(b) states six possible reasons to grant relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b). The reasons under consideration are subparts (1) and (6).

When a 60(b)(1) motion reviews decisions by the court, "[i]n certain limited circumstances, the word 'mistake' in Rule 60(b) has indeed been read to include mistakes by the court." *United States v. Williams*, 674 F.2d 310, 312-313 (4th Cir. 1982) (*citing Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir. 1955)). However, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *Id.* "Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." *Id.* at 313.

Rule 60(b)(6) may be described as a catch-all provision, but "a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." *Murchison v. Astrue*, 446 Fed. Appx. 225, 229 (4th Cir. 2012) (citing *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)).

Before evaluating the merits of a claim under Rule 60(b), the moving party "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731F.2d 204, 206 (4th Cir. 1984). To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." *Coomer v. Coomer*, 217 F.3d 838 (4th Cir. 2000) (unpublished table decision) (citing *Dowell v. State Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993)).[1]

---

[1] Based on Plaintiff's request for information contained in his Motion, it may have been possible for him to bring this Motion under Rule 59(e) rather than Rule 60(b). Pursuant to Rule 59(e), a court may alter or amend its judgment if the movant shows: (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the ruling; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). The Fourth Circuit has highlighted that mere disagreement with the court's ruling does not warrant granting a Rule 59(e) motion. *See Hutchinson v. Staton*, 994 F.2d 1076,

**DISCUSSION**

In order for the court to review the merits of the Motion under Rule 60(b), Plaintiff first needs to meet all of the threshold requirements of being timely, having a meritorious defense, showing lack of unfair prejudice to the opposing party, and demonstrating extraordinary circumstances. Of these requirements, the two criteria that Plaintiff least likely satisfies are presenting a meritorious defense and extraordinary circumstances. Plaintiff's argument against the court's Order is not adequate to demonstrate that he would be successful if he relitigated this claim. He did not raise any new claims or issues; instead, he is rearguing his previously unsuccessful claims. Plaintiff also failed to demonstrate any extraordinary circumstances as to why the court should grant relief from judgment. Because Plaintiff failed to meet all of the threshold requirements, the court is not required to analyze his claims using Rule 60(b).

Nevertheless, even if Plaintiff had met all of the threshold requirements to reach Rule 60(b), his Motion would still be denied. In his Motion, Plaintiff alleges that the court made a mistake in its application of FOIA and its exemptions. Specifically, Plaintiff asserts that there is no obligation under FOIA to show a need for his request of Bruzzese's employment information between August 2002 and April 2003. However, the court, relying on established Fourth Circuit precedent, found that under FOIA and its exemptions, the identity of officers is generally exempt for disclosure under § 552(b)(7)(C) absent a "compelling allegation of agency corruption or illegality." *Neely v. F.B.I.*, 208 F.3d 461, 464-465 (4th Cir. 2002). Although Plaintiff continues to believe that corruption exists in his case and that the public interest exception applies, the court found that an exception for the public interest applied only where "'there is compelling

---

1082 (4th Cir. 1993) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Even if Plaintiff had brought the instant Motion under Rule 59(e), he does not present new evidence, new law, or a manifest injustice. His disagreement with the court's ruling does not show a clear error. Therefore, his motion would also be denied under Rule 59.

evidence that the agency denying the FOIA request is engaged in illegal activity,' and where the requested information 'is necessary in order to confirm or refute that evidence.'" *Lewis-Bey v. U.S. Dept. of Justice*, 595 F. Supp. 2d 120, 136 (D.D.C. 2009) (quoting *Davis v. United States Dept. of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)). Additionally, the court found that Plaintiff's bald allegations of Bruzzese's corrupt actions were not sufficient evidence to establish that Defendant was engaged in illegal activity, and that Plaintiff would need to present evidence that a reasonable person would believe, showing that the alleged impropriety occurred. *See Nat'l Archives & Records Admin. V. Favish*, 541 U.S. 157, 174 (2004). Plaintiff failed to present new evidence in the Motion to support his claims of corruption. Plaintiff's motion therefore, is merely a request that the court change its mind, which is not authorized by Rule 60(b). *Williams*, 674 F.2d at 313.

## CONCLUSION

For the reasons stated above, the court **DENIES** the Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 11, 2013